Lila HARRIS, Committee for Fonso Wright, a Mental Incompetent, Petitioner,

v.

Hon. James B. STEPHENSON, Judge, Civil Division, Pike Circuit Court, 35th Judicial District, Respondent.

Court of Appeals of Kentucky.

Feb. 27, 1959.

Motion to Set Aside Opinion Denied March 17, 1959.

V. R. Bentley, Pikeville, for petitioner.

F. Dale Burke, Pikeville, amicus curiae for respondent.

CULLEN, Commissioner.

By an original proceeding in this Court, Lila Harris, Committee for Fonso Wright, an incompetent, seeks an order prohibiting the judge of the civil division of the Pike Circuit Court from ordering the disbursement of any money under a judgment of that court rendered in a civil action in which Sue Etta Ramey was plaintiff and Lila Harris as Committee for Fonso Wright was defendant.

The judgment in favor of Sue Etta Ramey was entered in 1956, being a money judgment for $2,160. In supplemental proceedings, in 1958, Lila Harris was ordered to liquidate certain government bonds held by her as committee and to pay the proceeds into court to apply on the judgment. She proceeded to do so, but in the meantime she moved under CR 60.02 to have the judgment set aside. An order was entered overruling her motion under CR 60.02, and she appealed to this Court. That appeal is now pending.

In connection with the appeal above mentioned, Mrs. Harris filed a purported supersedeas bond, the apparent purpose of which was to prevent the circuit court from turning over to Miss Ramey, pending the appeal, the money that had been paid into court from the proceeds of the government bonds.

In her petition for an order of prohibition, Mrs. Harris alleges that notwithstanding the supersedeas, the judge is threatening to order the money paid over to Miss Ramey; that this will cause her irreparable injury and she has no adequate remedy at law. She seeks an order prohibiting the judge from paying over the money until her appeal is disposed of.

It is our opinion that Mrs. Harris is not entitled to relief by way of prohibition. The purported supersedeas executed on her appeal from the order overruling her motion under CR 60.02 to have the 1956 judgment set aside could not operate to stay execution on the 1956 judgment. It is specifically provided in CR 60.02 that an application for relief under the rule does not affect the finality of the judgment sought to be set aside or suspend its operation.

Under CR 62.01 the circuit court would have had discretion, if requested, to stay execution or enforcement of the 1956 judgment pending disposition of the motion for relief under CR 60.02, but Mrs. Harris did not make any request that this be done.

We do not find any authority in the Rules of Civil Procedure, or elsewhere, for stay of execution of a judgment pending appeal from an order refusing to set aside the judgment in proceedings under CR 60.02. Nor are we convinced that principles of justice demand such a stay. The right of supersedeas ordinarily exists only in connection with an appeal, and where a party to an action has not availed himself of the right to appeal from a judgment against him, but seeks relief from the judgment through the extraordinary process of CR 60.02, it seems to us that the desirability of according finality and sanctity to judgments should outweigh any considerations of loss that may be suffered

through enforcement of the judgment pending final disposition of the motion to set it aside. The grant of discretion to the circuit judge, under CR 62.01, to stay execution, may be considered a special dispensation by way of grace, to be exercised when there is a prima facie showing in the motion of valid grounds for setting aside the judgment. But when the circuit court overrules the motion to set aside the judgment, this constitutes a judicial determination of insufficiency of the grounds, so there is no prima facie basis for a stay pending appeal. In fact, the overruling of the motion in effect confirms the finality and enforceability of the judgment.

The petition for an order of prohibition is denied.